# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **Cornerstone Word of Life Church, Inc.**, | Case No. _____ |
| Plaintiff, | |
| v. | **Notice of Removal** |
| **Metl-Span, a division of NCI Group, Inc; Mid-West Steel Building Company, a division of NCI Group, Inc.**, | |
| Defendants. | |

Defendant NCI Group, Inc.[1] hereby gives notice of the removal of this action from the Circuit Court of Madison County, Alabama to the United States District Court for the Northern District of Alabama, Northeastern Division, under 28 U.S.C. §§ 1441 and 1446. In support, NCI states as follows:

A defendant may remove "any . . . civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district

---

[1] Although Cornerstone has styled its complaint in state court as against both Metl-Span and Mid-West Steel Building Company, it acknowledges that both defendants are divisions of the same corporation, NCI Group, Inc. NCI Group, Inc., then, is the real entity in interest. *See Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 440 (D. Md. 2001) (unincorporated divisions of company lack capacity to be sued); *Equal Employment Opportunity Comm'n v. St. Francis Xavier Parochial School*, 77 F. Supp. 2d 71, 75–76 (D.D.C. 1999) (same); *Salzstein v. Bekins Van Lines, Inc.*, 747 F. Supp. 1282 n.1 (N.D. Ill. 1990) ("by definition a corporate division is not a separate legal entity and hence is not suable").

court of the United States for the district and division embracing the place where such action is pending" within thirty days of service of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. §§ 1441(a), 1446(b).[2] Original jurisdiction exists in this matter under the diversity statute, 28 U.S.C. § 1332. 28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different states[.]" NCI and Cornerstone are citizens of different states, and the amount in controversy in the State court action exceeds $75,000.00.

## I. NCI and Cornerstone Are Citizens of Different States.

Diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996). For purposes of the diversity statute, a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of

---

[2] NCI was served with the complaint in this matter on April 3, 2017. (*See* Proof of Service, Ex. 1).

business is its "nerve center"—the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

According to the allegations of the Complaint ("Complaint", Ex. 2), Cornerstone is incorporated in the State of Alabama, and has its principal place of business in Madison, Alabama. (Complaint at ¶ 1). NCI is incorporated under the laws of the State of Nevada, and under the "nerve center" test of *Hertz Corp.* has its principal place of business in Houston, Texas. Therefore, complete diversity of citizenship exists between NCI and Cornerstone, and the Complaint meets the first test for diversity jurisdiction under § 1332(a).

## II. The Amount in Controversy Exceeds $75,000.

In "a [removal] case that involves a complaint for unspecified damages, the defendant must establish jurisdiction by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1183, 1211 (11th Cir. 2007). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). A removing defendant may also submit affidavits, declarations, or other evidence to show a jurisdictional basis for removal. *Preka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 745 (11th Cir. 2010). When

"determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (internal citations omitted); *see also Bell v. Preferred Life Assurance Soc.*, 320 U.S. 238, 240 (1943).

Cornerstone predicates its claims in this matter on the alleged breach of a contract to sell construction materials (the "Contract", Ex. 3)—namely, certain panels used in constructing a church structure (the "Panels")—and alleged fraud in the procurement and performance of that contract. In its Complaint, Cornerstone does not reveal what it expects as damages in this matter, other than that it seeks "judgment against Defendants to be determined by a jury, for all incidental, consequential, and compensatory damages, attorneys' fees, and costs[;]" or "judgment against Defendants to be determined by a jury, for all incidental, consequential, and [*sic*] compensatory, and punitive damages, attorneys' fees, and costs." (Compl. at 5–11 (unnumbered *ad damnum* clauses)).

Although the Complaint does not expressly state Cornerstone's alleged damages, that it is seeking damages greater than $75,000.00 is indisputable. The face value of the Contract itself is over $300,000.00. NCI and Cornerstone are currently involved in litigation in the District Court of Harris County, Texas, Cause No. 2016-75388

Cornerstone Word of Life Church, Inc. v. NCI Group, Inc.
_____
Notice of Removal
Page 4 of 8

(the "Texas Litigation"). In the Texas Litigation, NCI has asserted that Cornerstone has failed to pay it $63,578.00 on an invoice related to another phase of the church construction. (*See* Petition at ¶ 10, Ex. 4). In that same case, Cornerstone asserts that it has refused to pay this amount as a partial offset of its claims related to the Panels. (Motion to Dismiss Texas Litigation at ¶¶ 5, 14, Ex. 5). In other words, Cornerstone has asserted in another proceeding that its compensatory damages alone in this case exceed $63,578.00.

Cornerstone explicitly asserts its claims in this case under Alabama law. (*See* Compl. at ¶¶ 26, 33).[3] Under Alabama law, a jury may award punitive damages for fraud, which Cornerstone has pleaded as a cause of action in this matter. (*See* Ala. Code § 6-11-20(a); Compl. at ¶¶ 35–46; 52–56). Alabama law further allows a jury to award punitive damages of up to three times of the compensatory damages award. *See* Ala. Code § 6-11-21(a). From their pleadings and papers in the Texas Litigation, Cornerstone is asserting that their compensatory damages related to the Panels is at least $63,578.00. Assuming Cornerstone were to prevail on its fraud claims, it could recover $254,313.32 in compensatory and punitive damages, exceeding 28 U.S.C. § 1332's jurisdictional threshold by a significant amount.

---

[3] NCI does not concede that Alabama law provides the relevant rule of decision in this case, and only notes that Cornerstone has pleaded Alabama law for purposes of determining the amount in controversy.

### III. The United States District Court for the Northern District of Alabama, Northeastern Division is the Proper Venue for Removal.

A defendant removing a case to federal court must remove the case to "the district court of the United States for the district and division embracing the place where such action is pending." This case is currently pending in the Circuit Court of Madison County, Alabama. Madison County lies within the Northeastern Division of the Northern District of Alabama. Therefore, the United States District Court for the Northern District of Alabama, Northeastern Division is the proper venue for removal of this action.[4]

### IV. Removal is Timely.

NCI received service of the Complaint on April 3, 2017. (*See* Proof of Service). Under the time calculation of Federal Rule of Civil Procedure 6(a)(1)(A), the thirtieth day from April 3, 2017 is May 3, 2017. This removal is filed on May 3, 2017, so is timely under 28 U.S.C. § 1446(b).

### Conclusion

This matter falls within the Court's original jurisdiction under 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy is more than

---

[4] NCI notes that the Contract contains a forum-selection clause and that, while it concedes venue is proper in this Court for purposes of the removal statute, 28 U.S.C. § 1441, it reserves the right to move for transfer of venue to the United States District Court for the Southern District of Texas under 28 U.S.C. § 1404(a). *See Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001).

$75,000.00. Removal is timely as filed within 30 days of service of the initial pleading. As NCI is the sole party in interest in this case, no notice to co-defendants is necessary. Therefore, NCI prays that this action be removed to the United States District Court for the Northern District of Alabama, Northeastern Division.

Respectfully submitted this 3rd day of May 2017.

/s/ Charles A. Ray, IV
Charles A. Ray, IV
Michael W. Rich
Attorneys for the Defendants

Of Counsel
Lanier Ford Shaver & Payne, P.C.
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama  35805
T:  (256) 535-1100
F:  (256) 533-9322
car@lanierford.com
mwr@lanierford.com

## Certificate of Service

I hereby certify that a true and accurate copy of the foregoing was filed electronically with the Court's CM/ECF system on this the 3rd day of May 2017. I further certify that I have caused a copy of the same to be sent through the United States Mail, First Class postage prepaid, to counsel for the plaintiff at:

| | |
|---|---|
| Robert R. Baugh | Benjamin R. Little |
| Jaime C. Erdberg | Sirote & Permutt, P.C. |
| Sirote & Permutt, P.C. | 305 Church Street Southwest, Suite 800 |
| 2311 Highland Avenue South | |
| Post Office Box 55887 | Post Office Box 18248 |
| Birmingham, Alabama  35255 | Huntsville, Alabama  35804 |
| rbaugh@sirote.com | blittle@sirote.com |
| jerdberg@sirote.com | |

/s/ Charles A. Ray, IV
Of Counsel